UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

NAVIENT SOLUTIONS, LLC and NAVIENT
CREDIT FINANCE CORPORATION,

                Appellants.

       -against-

HILAL K. HOMAIDAN and REEHAM YOUSSEF,
on behalf of themselves and all
others similarly situated,

                Appellee.

------------------------------------x

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

HILAL K. HOMAIDAN and REEHAM
YOUSSEF, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

       -against-

SALLIE MAE, INC., NAVIENT
SOLUTIONS, LLC, and NAVIENT CREDIT
FINANCE CORPORATION,

                Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
22-CV-4398(EK)

Adversary Proceeding
No. 17-AP-1085(ESS)

ERIC KOMITEE, United States District Judge:

      Navient Solutions, LLC and Navient Credit Finance

Corporation ("Navient"), defendants in an adversary proceeding

in the Bankruptcy Court of the Eastern District of New York,
seek leave to appeal Judge Elizabeth Stong's recent decision
granting a temporary restraining order against them. For the
reasons set out below, leave to appeal is denied and the appeal
is dismissed.[1]

## I.  Background

### A.  Selected Facts

The detailed facts of this case are set out in the
Bankruptcy Court's decision granting the temporary restraining
order ("TRO Decision"), ECF No. 1-2, and that court's order
denying Navient's motion for a stay pending appeal, ECF No. 8-1;
familiarity with those documents is assumed. As relevant here:
Appellees Hilal Homaidan and Reeham Youssef filed for Chapter 7
bankruptcy protection in 2008 and 2013, respectively; their
debts were subsequently discharged. TRO Decision 3-4.
Following that discharge, Homaidan (and later Youssef) moved to
reopen his Chapter 7 bankruptcy proceeding and commenced an
adversary proceeding as a putative class action against Navient
and other defendants. *See* Homaidan's Mot. to Reopen Chapter 7
Proceeding, *In re Hilal Homaidan*, No. 08-48275, (Bankr. E.D.N.Y.
Apr. 14, 2017), ECF No. 28; Compl. ¶ 1, *Homaidan v. Sallie Mae,
Inc.*, No. 17-AP-1085 (Bankr. E.D.N.Y. June 23, 2017), ECF No. 1.

---

[1] Because this order dismisses the appeal, I do not consider the merits
of Navient's motion for a stay pending appeal.

In the adversary proceeding — from which this putative appeal emerges — they seek a declaratory judgment, injunctive relief, and damages arising from Appellants' alleged violations of the discharge injunctions provided by 11 U.S.C. § 524(a)(2). Generally speaking, Appellees allege that Appellants continue to seek to collect private student-loan debts that were discharged in bankruptcy.  Those private loans were properly discharged, Appellees contend, because they are not nondischargeable "qualified education loan[s]" as defined in 26 U.S.C. § 221(d)(1) and 11 U.S.C. § 523(a)(8)(B).

**B.    Procedural Background**

Appellees moved for the TRO in April 2022.  After briefing and argument, the Bankruptcy Court entered a TRO on July 11, 2022.  Temporary Restraining Order ("TRO"), ECF No. 1-1.  The TRO, which became effective as of today, restrains Navient "from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and the Putative Class Members, as the class is described in the Amended Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection." *Id*. at 4-5.  The TRO will expire on September 20, 2022 unless it is extended by the Bankruptcy Court for good cause or Navient consents to an extension, consistent with Federal Rule of Civil Procedure 65.  *Id*. at 5.

Navient timely sought leave for this appeal; Appellees oppose such leave.  Navient also asked the Bankruptcy Court to stay the TRO pending appeal; Judge Stong denied that motion on September 2.

Appellees' motions for class certification, a preliminary injunction, and summary judgment remain pending before the Bankruptcy Court.

## II.  Discussion

The parties disagree over whether Navient's appeal comes as a matter of right or requires leave of the Court.  I conclude that leave to appeal is required under 28 U.S.C. § 158(a) and for the reasons below, deny such leave.

28 U.S.C. § 158(a) sets out the district court's appellate jurisdiction in bankruptcy cases.  Section 158(a)(3) provides for appeals of interlocutory orders "with leave of the court."  *See also In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) ("Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court.").

Under Section 158(c)(2), appeals to the district court from a bankruptcy court, including appeals of interlocutory orders, "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  *See also In re Bimco Industries, Inc.*,

124 B.R. 623, 625 (E.D.N.Y. 1991) ("interlocutory order" is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits").  Thus, "[w]hile neither Section 158 nor the Bankruptcy Rules provides guidelines for determining whether a district court should grant leave to appeal, . . .  most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)."  *In re 22 Fiske Place, LLC*, No. 21-CV-8087, 2022 WL 2819093, at *6 n.9 (S.D.N.Y. July 18, 2022); *see also Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) ("It is well settled that the relevant standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from United States District Courts to the United States Courts of Appeals, governs such [bankruptcy] appeals.").[2]

        The Court of Appeals has called Section 1292(b) "a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  The use of that section is

---

        [2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

therefore "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Id.* at 865-66. "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 921 F.2d 21, 25 (2d Cir. 1990).

Against these broad limitations, an appellant's motion for leave to appeal an interlocutory order should be granted only when (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Importantly, the "moving party has the burden of establishing all three elements." *In re Anderson*, 550 B.R. 228, 234 (S.D.N.Y. 2016). Temporary restraining orders, which are by definition of limited duration, are generally not subject to appeal. "As a TRO is interlocutory and is not technically an injunction, it is ordinarily not appealable." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994); *see also Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *4 (S.D.N.Y. Sept. 15, 2020) (denying leave to appeal a TRO issued by a bankruptcy judge). The order at issue here will expire fourteen days from its effective date of

September 6.  For that reason, the TRO does not present any special circumstances justifying leave to appeal.[3]

Navient argues that the nationwide scope of the TRO calls its legality into substantial question.  It cites decisions from other circuits for the proposition that bankruptcy courts lack authority to address out-of-district violations of their discharge injunctions.  *See* Defs.' Mot. to Stay TRO 6-7, ECF No. 8.  This argument is responsive, at least, to the first two requirements of Section 1292(b).  But leave to appeal is unwarranted here because Navient cannot satisfy the third requirement: that an immediate decision in Navient's favor would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Navient has not demonstrated (or even attempted to demonstrate, really) how my review would promote a speedy resolution of the case.  *See In re First Republic Group Realty, LLC*, No. M47, 2010 WL 882986, at *2 (S.D.N.Y. Mar. 2, 2010) (denying leave to appeal bankruptcy court's denial of preliminary injunction where appellate review

_____

[3] A TRO may be appealable in limited circumstances, such as "when a grant or denial of a TRO might have a serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal." *Romer*, 27 F.3d at 15.  Navient has not shown that the TRO will cause it to suffer a serious or irreparable consequence that can only be challenged by immediate appeal.  On the contrary, Navient admitted in briefing before the Bankruptcy Court that the TRO "is in reality nothing more than an improper injunction to obey the law."  Navient's Obj. to Proposed Order 4, *Homaidan v. Sallie Mae, Inc.*, No. 17-AP-1085 (Bankr. E.D.N.Y. June 14, 2022), ECF No. 333.  And the limited duration of the TRO means that any harm will be subject to commensurate limitation.

"would not bring the bankruptcy court any closer to concluding the litigation").

Navient argues, without citing authority, that this third prong of Section 1292(b) — the "materially advance" requirement — is not mandatory.  Appellees' Reply in Supp. of Mot. for Leave to Appeal 10, ECF No. 5.  For the reasons explained above, that is incorrect.  *See Osuji*, 285 F. Supp. 3d at 558 (interlocutory appeal from bankruptcy decision "can only be granted" if all three prongs of Section 1292(b) are satisfied); *see also Anderson*, 550 B.R. at 234 (party seeking leave to appeal bears the burden of satisfying "all three elements" of Section 1292(b)).  Navient has not persuasively explained how its appeal would satisfy this third prong, and understandably so: even if I vacated the Bankruptcy Court's TRO, the litigation would continue, including determination of Appellees' pending motions for class certification and summary judgment.

Navient acknowledges that there is "an interpretation" of 28 U.S.C. § 158 that would require it to request leave to appeal the TRO, but it urges an alternative interpretation that permits appeal as of right.  Appellees' Reply in Supp. 6.  Navient cites no binding authority for this interpretation. Moreover, even on its own terms, Navient's "alternative interpretation" would allow "appeals of *preliminary injunctions*

as a matter of right," not TROs.  *Id.* (emphasis added).  Even this view, however, is contested: some courts have rejected the view that preliminary injunctions are appealable *as of right* in the bankruptcy context.  *See, e.g., In re Quigley Co.*, 323 B.R. 70, 76-79 (S.D.N.Y. 2005); *First Republic Grp. Realty*, 2010 WL 882986, at *1-*2.

## IV.  Conclusion

For these reasons, Navient is denied leave to appeal the TRO.  This appeal is dismissed.

SO ORDERED.


__/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     September 06, 2022
           Brooklyn, New York